William W. STROCK, Plaintiff,

v.

Chuck VANHORN, Defendant.

Civil No. 96–96.

United States District Court,
E.D. Pennsylvania.

March 11, 1996.

William W. Strock, Chester Springs, PA, pro se.

Daniel D. Krebbs, Swartz, Campbell and Detweiler, Philadelphia, PA, for defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff, a full time student at Pennsylvania State University and owner and operator of the Green Valley Lawn Service, filed an action in this Court seeking $296.80 in damages arising from the alleged failure of defendant to pay plaintiff the balance owed on defendant's 1995 account. Plaintiff paid the $120 filing fee to the Clerk. The complaint was filed and a summons was issued. The Clerk promptly deposited the $120 filing fee into the Treasury of the United States. Before the filing of an answer, the Court *sua sponte* dismissed the complaint, since it appeared from the face of the complaint that the parties were not diverse and that the amount in controversy was way short of the $50,000 jurisdictional minimum.

Plaintiff has now filed a motion seeking reimbursement of the $120 filing fee alleging that he filed the complaint pursuant to erroneous advice provided to him by an employee of the Clerk's office. Plaintiff concludes, "[i]t is now obvious to me as a novice in this process that the person I spoke to was incompetent to say the least." (Pl.'s Request/Mot., doc. no. 7 at 1–2)

The request for a refund will be denied. A review of the form complaint and summons furnished to the plaintiff by the person in the Clerk's Office indicates that the form is one that is customarily used to begin civil actions in this court and that the summons issued was valid. The infirmity of

plaintiff's complaint lies not in the forms he used, but rather in the insufficiency of the amount in controversy involved.[1] The issue of whether a complaint meets the minimum jurisdictional amount is a legal issue for the Court and it is not one within the discretion of the Clerk. It was, therefore, unreasonable for the plaintiff to rely upon an employee in the Clerk's office for the alleged legal advice.

 Even if it was reasonable for the plaintiff to rely upon the advice of an employee in the Clerk's office, the Court is without power to order the relief requested by plaintiff. "[F]unds deposited into the United States Treasury become 'public money' and may only be paid out pursuant to statutory authorization" *Lee v. United States,* 33 Fed. Cl. 374, 381 (1995) (citing U.S. Const. art. I, § 9, cl. 7) (other citations omitted). There are two generally recognized exceptions to this rule: (1) where the government exacted the fee by mandating its payment. In other words, where the party paying the money had no practical choice but to make the payment pursuant to a court order or rule; and (2) where it was subsequently determined that the original receipt of the money was contrary to the law. *Id.* at 382. (citations omitted). In this case, neither exception is applicable. First, plaintiff made the payment voluntarily, even if he did so under the mistaken impression that his action could be heard in this Court. Second, the Clerk was authorized by law to collect the fee in advance prior to accepting plaintiff's complaint for filing. *See* 28 U.S.C. § 2520 (authorizing the imposition of a filing fee of $120); 28 U.S.C. § 1926(b) (authorizing the court to require advance payment of the fee).

Therefore, since the funds were deposited into the United States Treasury, and neither of the recognized exceptions for the issuance of a refund are available, the request for a refund must be denied.

### ORDER

**AND NOW,** this 11th day of **March 1996,** upon review of plaintiff's Request/Motion seeking reimbursement for the filing fee paid by plaintiff (doc. no. 7), which the Court will construe as a motion for reconsideration of its Order of January 19, 1996, dismissing the action, it is hereby **ORDERED** that the motion is **DENIED.**

**AND IT IS SO ORDERED.**

---

[1]. The case was also subject to mandatory dismissal in that the parties were not citizens of different states. 28 U.S.C. § 1332(a)(1).